# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DING, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK UNIVERSITY,<br><br>　　　　Defendant. | Case No.: 1:25-cv-02416-ER |
| CHRISTIAN VARBANOVSKI, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK UNIVERSITY,<br><br>　　　　Defendant. | Case No.: 1:25-cv-02422-AT |
| ETHAN SAM, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK UNIVERSITY,<br><br>　　　　Defendant. | Case No.: 1:25-cv-02464-ER |
| NATHAN HIRSCH WARD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK UNIVERSITY,<br><br>　　　　Defendant. | Case No.: 1:25-cv-02495-ER |

| | |
|---|---|
| ALEXANDER THOMAS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW YORK UNIVERSITY,<br><br>  Defendant. | Case No.: 1:25-cv-02500-JMF |
| JACKSON BUETTNER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW YORK UNIVERSITY,<br><br>  Defendant. | Case No.: 1:25-cv-02503-AT |
| NISSIM RAM, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>NEW YORK UNIVERSITY,<br><br>  Defendant. | Case No.: 1:25-cv-02510-ER |
| QUENTIN TURNER, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>  Defendant. | Case No.: 1:25-cv-02552-ER |

| | |
|---|---|
| LIAM DUVALLY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No.: 1:25-cv-02583-ER |
| AFIF TAI and JOSEPH COLLINS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No. 1:25-cv-02595-ER |
| ALONDRA MARISOL LOZANO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No. 1:25-cv-02720-ER |
| JACK MINANO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>NEW YORK UNIVERSITY,<br><br>       Defendant. | Case No.: 1:25-cv-02750-UA |

| | |
|---|---|
| JENNIE WHALEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br>Defendant. | Case No.: 1:25-cv-02926-KPF |

## STIPULATION AND ORDER TO CONSOLIDATE RELATED ACTIONS AND SET BRIEFING SCHEDULE FOR INTERIM CLASS COUNSEL APPLICATIONS

**WHEREAS,** Plaintiffs James Ding, Christian Varbanovski, Ethan Sam, Nathan Hirsch Ward, Alexander Thomas, Jackson Buettner, Nissim Ram, Quentin Turner, Liam DuVally, Afif Tai, Joseph Collins, Alondra Marisol Lozano, Jack Minano, and Jennie Whalen ("Plaintiffs") filed the above-captioned 13 related class action lawsuits ("Related Actions") against Defendant New York University ("NYU" or "Defendant") following reports of the disclosure of personally identifiable information ("PII") in a cybersecurity incident (the "Data Incident");

**WHEREAS,** the Related Actions present common issues of law and fact making them ripe for consolidation pursuant to Fed. R. Civ. P. 42(a);

**WHEREAS,** Rule 42(a) provides that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a);

**WHEREAS,** courts enjoy "broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990), and in deciding the consolidation issue, courts consider "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal

issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Barkley v. Olympia Mortg. Co.*, 557 Fed. App'x 22, 25 (2d Cir. 2014) (quoting *Celotex*, 899 F.2d at 1284);

**WHEREAS,** this Court and other district courts within the Second Circuit routinely find that overlapping data breach class actions filed in the same court share common legal and factual issues and consolidate such cases. *See, e.g.*, *In re GE/CBPS Data Breach Litig.*, No. 20-cv-2903 (S.D.N.Y.) (ECF No. 14); *Stewart v. Practice Resources LLC*, 2022 WL 17155996 (N.D.N.Y. Nov. 22, 2022); *Malinowski v. Int'l Business Machines Corp.*, No. 23-cv-8421 (S.D.N.Y.) (ECF No. 18); *Tuteur, et al. v. Metropolitan Opera Ass'n*, No. 23-cv-03997 (S.D.N.Y.) (ECF No. 15).

**WHEREAS,** here, the Related Actions share common legal and factual issues, in that each of the Related Actions arise from the same Data Incident suffered by the same Defendant (NYU), are brought on behalf of similar or overlapping classes in the same court, and allege that NYU failed to adequately safeguard Plaintiffs' and putative Class Members' PII;

**WHEREAS,** the parties have met and conferred, and agree and stipulate, subject to Court approval, that the Rule 42(a) requirements are met here, and that it would be appropriate to consolidate the Related Actions, as this would streamline the litigation, and would not result in confusion or prejudice;

**WHEREAS,** the various Plaintiffs' counsel who filed the Related Actions have diligently met and conferred about case leadership in this matter, but have not been able to reach an agreement on leadership, necessitating motion practice under Fed. R. Civ. P. 23(g);

**WHEREAS,** counsel for Defendant does not oppose the establishment of a Rule 23(g) case leadership briefing schedule, but Defendant takes no position on appointment of Plaintiffs' lead counsel;

**NOW THEREFORE,** for the foregoing reasons, all the parties in the Related Actions **AGREE AND STIPULATE** as follows:

(1) The Related Actions are appropriate for consolidation under Fed. R. Civ. P. 42(a), and shall be consolidated into the docket of the first-filed *Ding* action, No. 1:25-cv-02416.

(2) The clerk shall administratively terminate all other Related Actions. The case file for the Consolidated Action will be maintained under Master File No. 1:25-cv-02416 (i.e., *Ding*).

(3) Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action shall be consolidated with the Consolidated Action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

(4) If the Court determines that the case is related, the clerk shall:

   a. Place a copy of this Stipulated Order in the separate file for such action;

   b. Serve on Plaintiffs' counsel in the new case a copy of this Stipulated Order;

   c. Direct that this Stipulated Order be served upon Defendant(s) in the new case; and

   d. Make appropriate entry in the Master Docket.

(5) Plaintiffs' counsel with existing cases may submit applications for appointment of interim class counsel (individually or as a group or slate) under Fed. R. Civ. P. 23(g). Any applications should be filed within 7 days of the Court signing and entering an Order granting this stipulation. Individual submissions are limited to 5 pages and group or slate submissions are limited to 10 pages, all exclusive of firm resumes which are the only exhibits that may be submitted along with the applications. No responses or replies are permitted.

(6) A Consolidated Class Action Complaint shall be filed within 45 days following the date of the Court's order appointing interim class counsel. Defendant need not respond to any of the individual complaints filed in any of the Related Actions. Following appointment of interim class counsel, the parties shall confer and submit for the Court's consideration an agreed-upon briefing schedule for any motion to dismiss briefing.

**SO STIPULATED BY THE PARTIES.**

Dated: June 13, 2025　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Vicki J. Maniatis*
　　　　　　　　　　　　　　　　　　　　　　Vicki J. Maniatis (NY Bar 2578896)
　　　　　　　　　　　　　　　　　　　　　　**MILBERG COLEMAN BRYSON**
　　　　　　　　　　　　　　　　　　　　　　**PHILLIPS GROSSMAN PLLC**
　　　　　　　　　　　　　　　　　　　　　　405 East 50th Street
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10022
　　　　　　　　　　　　　　　　　　　　　　Telephone: (516) 491-4665
　　　　　　　　　　　　　　　　　　　　　　vmaniatis@milberg.com

　　　　　　　　　　　　　　　　　　　　　　Gary M. Klinger (*pro hac vice* to be filed)
　　　　　　　　　　　　　　　　　　　　　　**MILBERG COLEMAN BRYSON**
　　　　　　　　　　　　　　　　　　　　　　**PHILLIPS GROSSMAN, PLLC**
　　　　　　　　　　　　　　　　　　　　　　227 W. Monroe Street, Suite 2100
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　Telephone: (866) 252-0878
　　　　　　　　　　　　　　　　　　　　　　gklinger@milberg.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Ding*

　　　　　　　　　　　　　　　　　　　　　　/s/ *Jeff Ostrow*
　　　　　　　　　　　　　　　　　　　　　　Steven Sukert (NY Bar 5690532)
　　　　　　　　　　　　　　　　　　　　　　Jeff Ostrow (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　**KOPELOWITZ OSTROW P.A.**
　　　　　　　　　　　　　　　　　　　　　　1 W. Las Olas Blvd., Suite 500
　　　　　　　　　　　　　　　　　　　　　　Fort Lauderdale, Florida 33301
　　　　　　　　　　　　　　　　　　　　　　Telephone: (954) 332-4200
　　　　　　　　　　　　　　　　　　　　　　sukert@kolaywers.com
　　　　　　　　　　　　　　　　　　　　　　ostrow@kolawyers.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Varbanovski*

/s/ *Israel David*
Israel David
Adam. M. Harris
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, NY 10004
Telephone: (212) 350-8850
israel.david@davidllc.com
adam.harris@davidllc.com

*Counsel for Plaintiff Sam*

/s/ *Vicki J. Maniatis*
Vicki J. Maniatis (NY Bar 2578896)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
405 East 50th Street
New York, NY 10022
Telephone: (516) 491-4665
vmaniatis@milberg.com

Bryan L. Bleichner (*pro hac vice* pending)
Philip J. Krzeski (*pro hac vice* pending)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401-2138
Telephone: (612) 339-7300
bbleichner@chestnutcambronne.com

*Counsel for Plaintiff Hirsch Ward*

/s/ *Katherine M. Aizpuru*
Katherine M. Aizpuru (N.Y. Bar 5305990)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave., NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
kaizpuru@tzlegal.com

Sabita J. Soneji (*pro hac vice* to be filed)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
ssoneji@tzlegal.com

*Counsel for Plaintiff Ram*

/s/ [signature]

William B. Federman
Tanner R. Hilton (*pro hac vice* pending)
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560

4131 North Central Expressway, Suite 900
Dallas, TX 75204
wbf@federmanlaw.com
trh@federmanlaw.com

*Counsel for Plaintiff Thomas*

/s/ *Philip M. Hines*

Philip M. Hines
**HELD & HINES, LLP**
622 Third Avenue, Suite 600
New York, NY 10017
Telephone: (212) 696-4529
phines@heldhines.com

Kevin Laukaitis (*pro hac vice* to be filed)
Maria de los Angeles Colom (*pro hac vice* to be filed)
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Telephone: (215) 789-4462
klaukaitis@laukaitislaw.com
mcolom@laukaitislaw.com

*Counsel for Plaintiff Buettner*

/s/ *Vicki J. Maniatis*

Vicki J. Maniatis (NY Bar 2578896)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
405 East 50th Street
New York, NY 10022

Telephone: (516) 491-4665
vmaniatis@milberg.com

Jason M. Wucetich (*pro hac vice* to be filed)
**WUCETICH & KOROVILAS LLP**
222 N. Pacific Coast Highway, Suite 2000
El Segundo, CA 90245
Telephone: (310) 335-2001
jason@wukolaw.com

*Counsel for Plaintiff Turner*

/s/ *Gerald D. Wells, III*
Gerald D. Wells, III (admitted *pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
jerry@lcllp.com

*Counsel for Plaintiff DuVally*

/s/ *Thomas E. Loeser*
Jonathan D. Lindenfeld, # JL1990
**FEGAN SCOTT LLC**
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (332) 216.2101
Facsimile: (312) 264.0100
jonathan@feganscott.com

Elizabeth A. Fegan (*pro hac vice* to be filed)
Megan A. Shannon (*pro hac vice* to be filed)
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Beth@feganscott.com
Megan@feganscott.com

Thomas E. Loeser (*pro hac vice* pending)
Karin B. Swope (*pro hac vice* to be filed)
Vara G. Lyons, NY Bar 5464524
**COTCHETT, PITRE & MCCARTHY, LLP**
1809 7th Avenue, Suite 1610

Seattle, WA 98101
Telephone: (206)-802-1272
Facsimile: (206)-299-4184
tloeser@cpmlegal.com
vlyons@cpmlegal.com

*Counsel for Plaintiff Tai, et al.*

/s/ *Ashley M. Crooks*
Ashley M. Crooks (N.Y. Bar No. 5800776)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: (646) 357-1100
acrooks@hausfeld.com

*Counsel for Plaintiff Lozano*

/s/
Deborah De Villa (NY Bar 5724315)
**AHDOOT & WOLFSON, P.C.**
521 5TH Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile: (917) 336-0177
Ddevilla@ahdootwolfson.com

Andrew W. Ferich (*pro hac vice* pending)
**AHDOOT & WOLFSON, P.C.**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

*Counsel for Plaintiff Minano*

/s/
Brian P. Murray (BM 9954)
**GLANCY PRONGAY & MURRAY LLP**
230 Park Avenue, Suite 358
New York, NY 10169

Telephone: (212) 682-5340
bmurray@glancylaw.com

John Yanchunis (*pro hac vice* to be filed)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
jyanchunis@ForThePeople.com

*Counsel for Plaintiff Whalen*

/s/ Eric R. Fish

Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
efish@bakerlaw.com

*Counsel for Defendant New York University*

SO ORDERED:

_____     Dated: June \_\_\_\_\_, 2025